

**Cook | Craig Francuzenko**
ATTORNEYS AT LAW

3050 Chain Bridge Road | Suite 200
Fairfax, Virginia 22030
Phone (703) 865-7480
Fax (703) 434-3510
www.cookcraig.com

December 16, 2024

## 5-DAY NOTICE TO PAY

**VIA Private Process Server**
Laura Javad
1645 International Drive, Unit 312
McLean, VA, 22102-4821

RE:    5-Day Notice to Pay

Ms. Javad,

Please let this letter serve as a formal **5-Day Notice to Pay** rent for the property located at, 1645 International Drive, Unit 312, McLean, VA, 22102, by your landlords Charles ("Chuck") E. Bennett and Mary F. Bennett. You have failed to pay rent as well as late fees due and owing.

You currently owe rent for the months of November and December (2024) at a monthly rate of $2,350.00, for a total amount of rent owed of $4,700.00. You also owe late fees in the amount of $470.00, at a monthly rate of $235.00 for the months of November and December 2024 for a combined total of $5,170.00. Please remit payment by cash, cashier's check, certified check, or electronic funds transfer within five (5) days of the services of this Notice. **Only** the above payment methods will be accepted, and **only** in full due to a previously dishonored check, which per your lease, you are charged a service charge of $40.00. You now owe a **cumulative total of $ 5,210.00.**

Please see the attached document, titled "Virginia Statement of Tenant Rights and Responsibilities" under the Virginia Residential Landlord and Tenant Act as of July 1, 2024[1]. Please sign and return a copy of this form to us, your landlord, or sign a copy and give it back to the private process server who delivered this letter.

You will have **five (5) days** from the date you receive this letter to pay all rents and fees owed. All amounts due and owing described above must be received by the Landlord or this Law Firm within such **five (5) day** period. If they are not, an Unlawful Detainer action (eviction) will be filed against you in the General District Court of Fairfax County. We will seek possession, any unpaid rent, late fees, court costs, attorneys' fees and any other relief as allowed under the law.

Regards,

*/s/ John-David Coker/*
John-David Coker

---

[1] This document can be located online at https://www.dhcd.virginia.gov/landlord-tenant-resources.



# Virginia Statement of Tenant Rights and Responsibilities under the Virginia Residential Landlord and Tenant Act as of July 1, 2024

This is a summary of tenants' rights and responsibilities under the Virginia Residential Landlord and Tenant Act. This summary does not modify your lease or Virginia law. A lease cannot give up a tenants' rights under the law. The information below is not intended as legal advice. All parties to a rental agreement are encouraged to consult the Department of Housing and Community Development's website for more information related to landlord and tenant resources. Tenants with questions are encouraged to contact their local legal aid program at (866) 534-5243 or valegalaid.org/find-legal-help

## Tenant Rights

**Applications:**
Tenants may be charged a nonrefundable application fee of no more than $50 (not including third party costs for a background check) and a refundable application deposit. If the tenant does not rent the unit, the application deposit must be returned, minus any actual costs or damages. (§55.1-1203)

**Written lease:**
Under the VRLTA, a landlord is required to provide a tenant a written lease. If a landlord fails to do so, the VRLTA still protects a tenant by establishing a statutory lease between landlord and tenant for 12 months not subject to automatic renewal. (§55.1-1204)

**Disclosure:**
A landlord must reveal certain information to the tenant, including any visible evidence of mold (§55.1-1215), the name and address of the owner or property manager (§55.1-1216), notice of sale or foreclosure of the property (§§55.1-1216, 1237), and on the first page of the lease, the rent and any additional fees. (§55.1-1204.1)

**Security Deposit:**
A landlord may require a security deposit of up to two month's rent. Within five days of move in the tenant has a right to object to anything in the move-in report. The tenant also has a right to be present at a move-out inspection, which must be made within 72 hours of delivery of possession. (§§55.1-1214, 1226)

**Receipts:**
Upon request, a tenant is entitled to a written receipt of rent paid by cash or money order. Upon request, a tenant is entitled to a written statement of all charges and payments over the past 12 months. (§55.1-1204(D), (I))

Last Updated July 1, 2024

**Privacy:**
A landlord may not release information about a tenant without consent, except under certain conditions, which are generally when tenant information is already public. (§55.1-1209)

**Fit and Habitable Premises:**
A tenant has the right to a fit and habitable rental unit in accordance with the Uniform Statewide Building Code. The landlord must make all repairs needed to keep premises fit and habitable. (§55.1-1220) To enforce the right to get repairs, a tenant must be current in rent, give the landlord written notice of the need for repairs, and give the landlord a reasonable amount of time to make the repairs. If repairs are not made, a tenant can file a Tenant's Assertion in General District Court. This must be filed no later than five days after rent is due. There is no rent withholding in Virginia except under repair and deduct (below). (§55.1-1244)

**Repair and Deduct:**
If an issue on the premises affects life, health, safety, or seriously affects habitability, and a landlord has not begun to address it within 14 days after written notice from the tenant, the tenant may contract to have the repair done by a licensed contractor at a cost of not more than $1,500, or one month's rent, whichever is more. The tenant may deduct the actual cost of the repair from the rent. The tenant must send the landlord an itemized invoice and a receipt for payment to the contractor for the work, along with any payment of remaining rent owed. (§55.1-1244.1)

**Uninhabitable Dwelling Unit at Move In:**
If, at the beginning of the tenancy, there exists a fire hazard or a serious threat to the life, health or safety of the tenant (such as an infestation of rodents or a lack of heat, hot or cold running water, electricity, or adequate sewage disposal facilities), the tenant may terminate the rental agreement and receive a full refund of all deposits and rent paid to the landlord. To terminate the agreement and request a refund, the tenant must provide a written notice of termination no later than seven days after the tenancy started. If, upon receipt of notice, the landlord agrees such hazardous condition exists, the landlord must refund all deposits and rent paid within 15 business days of being notified or of the tenant vacating the unit, whichever occurs later. (§55.1-1234.1)

The landlord may, in a written notice provided to the tenant, state that the termination is unjustified and refuse to accept the tenant's termination of the lease. A tenant who has vacated the unit (or never moved in initially) may then challenge the landlord's refusal in court. The prevailing party shall be entitled to recover reasonable attorney fees. (§55.1-1234.1)

Last Updated July 1, 2024

**Notification of Rent Increase:**
If a lease contains an option to renew or an automatic renewal provision, a tenant must be notified in writing of a rent increase at least 60 days before the end of the lease term. This only applies when a landlord owns more than four rental units or more than 10% percent interest in more than four rental units in the Commonwealth. (**§55.1-1204(K)**)

**Eviction:**
A landlord may not evict a tenant without following the court eviction process. The landlord first sends a written notice and next the landlord files an unlawful detainer lawsuit. The landlord must get a court order of possession, followed by a Writ of Eviction that is served by the Sheriff. (**§§55.1-1245, 1252**). A tenant not getting paid due to a federal shutdown of 14 or more days can get an eviction lawsuit for nonpayment of rent postponed for 60 days. (**§44-209**)

**Unlawful Exclusion, Interruption of Essential Services, and Unlivable Premises:**
A Landlord may not unlawfully exclude a tenant from the premises, interrupt an essential service, or make the unit unlivable. If this happens, the tenant may sue the landlord in General District Court and get an initial court hearing within five calendar days. At this hearing, a court may order the landlord to give the property back to the tenant, resume the essential service, or fix the conditions that make the unit unlivable. The court may also hold a second hearing within 10 days of the first hearing and may find that the tenant is entitled to actual damages, statutory damages, and reasonable attorney's fees. (**§55.1-1243.1**) If a tenant is excluded from the unit because the unit was condemned, the tenant may sue the landlord for actual damages. The landlord must return any prepaid rent, security deposit, and rent paid after the unit was condemned. (**§55.1-1243.2**)

**Domestic Violence— Right to Change Locks:**
If a tenant has obtained an order from a court under §16.1-279.1 (for family abuse) or §20-103 (for apprehension of physical harm by a family or household member) that excludes someone else from the premises, the tenant may provide the landlord with a copy of that court order and request that the landlord either install a new lock or other security devices on the exterior doors of the unit or permit the tenant to do so.

The tenant shall provide a duplicate copy of all keys and instructions for the operation of all devices to the landlord. The new lock/security device must not cause permanent damage to the dwelling unit, and the tenant shall be responsible for the cost of installing the lock/security device, reasonable costs incurred to remove the device(s), and all damage upon termination of the lease. (**§55.1-1230**)

Last Updated July 1, 2024

**Domestic Violence—Right to Terminate the Lease:**
A tenant who is a victim of family abuse as defined by §16.1-228, sexual abuse as defined by §18.2-67.10, or other criminal sexual assault may terminate their lease if:
1. The tenant has obtained an order of protection under §16.1-279.1 (for family abuse), OR a permanent protective order under §19.2-152.10 (general protective order) against the perpetrator, OR the perpetrator has been convicted of any of the above crimes against the tenant, AND
2. The tenant provides the landlord with a written notice of termination that includes copy of the order of protection or the conviction order.

The lease shall be terminated 30 days after the tenant provides the landlord with the written notice. The rent must be paid at the normal time through the effective date of the termination. (§55.1-1236)

**Redemption (Pay & Stay):**
After an unlawful detainer lawsuit for nonpayment of rent is filed, a tenant has the right to pay to a zero balance on or before the court date and have the lawsuit dismissed. After a court issues a judgment of possession, a tenant has the right to pay to a zero balance up to 48 hours before the Sheriffs eviction and have the eviction cancelled. If the landlord has 5 or more rentals, a tenant may use these rights at any time. If the landlord has 4 or fewer rentals, the landlord may limit the tenant's use of these rights to once during the lease period if the landlord first sends a written notice of this limitation. (§55.1-1250)

**Fair Housing:**
The tenant may have a right to file a fair housing complaint if the landlord or property manager violates the Virginia Fair Housing Act. (§36-96.1 et seq, HUD FHEO-2020-1)

## Tenant Responsibilities
**Rent:**
Unless the lease says otherwise, rent is due in equal payments each month on or before the first of each month. (§55.1-1204)

**Late Fees:**
If rent is not paid on time, the tenant must pay a late fee only if the lease requires one. A late fee can be no more than 10% of the monthly rent or 10% of the unpaid balance owed by the tenant, whichever is less. (§55.1-1204(E))

Last Updated July 1, 2024

**Insurance:**
A tenant may be required to have and pay for renters insurance. A tenant also may be required to have and pay for damage insurance and/or a security deposit, but the total of both the damage insurance premiums and the security deposit may not exceed two months' rent. (§§55.1-1206, 1208)

**Access:**
A tenant must allow a landlord access to the unit at reasonable times and for practical purposes, such as maintenance, inspection, or to provide services. A tenant must allow access unless the landlords request is unreasonable. Unless impractical due to an emergency, the landlord must give 72-hours' notice of maintenance and must perform the maintenance within 14 days. If the tenant requests maintenance, notice is not required. (§55.1-1229)

**Maintain Fit and Habitable Premises:**
The tenant must keep the rental unit as clean and safe as conditions allow and in accordance with the Uniform Statewide Building Code. The tenant must promptly notify the landlord of visible mold and use reasonable efforts to prevent moisture and mold. The tenant must promptly notify the landlord of insects or pests and must not be at fault in failing to prevent insects or pests. (§55.1-1227)

Last Updated July 1, 2024



# Acknowledgement of Receipt of Statement of Tenant Rights and Responsibilities

In accordance with §55.1-1204 of the Code of Virginia, the Landlord has provided to the Tenant and the Tenant has received the Statement of Tenant Rights and Responsibilities developed by the Virginia Department of Housing and Community Development and posted on its website (www.dhcd.virginia.gov/landlord-tenant-resources) pursuant to §36-139 Code of Virginia. The Statement of Tenant Rights & Responsibilities is current as of the date below.

The statement of the tenants' rights and responsibilities was provided to the tenant on:

For property address:
   1645 International Drive, Unit 312, McLean, VA 22102-4821

The tenant:
○ Signed this acknowledgment of receipt of the statement of tenants' rights and responsibilities
○ Did not sign this acknowledgement of receipt of the statement of tenant's rights and responsibilities

| Landlord Signature | **Charles Bennett**<br>Printed Name | December 16, 2024<br>Date |

| Landlord Agent (if applicable) | Printed Name | Date |

| Tenant Signature | **Laura Javad**<br>Printed Name | Date |

| Tenant Signature | Printed Name | Date |

| Tenant Signature | Printed Name | Date |

| Tenant Signature | Printed Name | Date |

Last Updated July 1, 2024